Alvarado Arce v. Garland

BIA
A205 616 779/780

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

ELVIS EUGENIO ALVARADO ARCE,
MANUELA MERCEDES PAUTA GUAMAN,
> *Petitioners,*

v.                                           20-3782
                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Perham Makabi, Esq., Kew Gardens, NY.

**FOR RESPONDENT:**    Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Matthew B. George, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Elvis Eugenio Alvarado Arce and Manuela Mercedes Pauta Guaman, natives and citizens of Ecuador, seek review of an October 7, 2020, decision of the BIA denying their motion to reopen. *In re Alvarado Arce, Pauta Guaman*, Nos. A205 616 779/780 (B.I.A. Oct. 7, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and country conditions determinations for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

2

It is undisputed that Petitioners motion to reopen was untimely and number barred because it was their second motion filed approximately three years after their removal order. *See* 8 U.S.C. § 1229a(c)(7)(A) (allowing one motion to reopen), (C)(i) (90-day deadline for motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). There is an exception to these time and number limits if the motion is filed to seek asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Petitioners sought reopening to apply for asylum based on worsening violence against indigenous women in Ecuador. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-,* 24 I. & N. Dec. 247, 253 (B.I.A. 2007). The

3

BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," so long as it has "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (quotation marks and citation omitted).

Substantial evidence supports the BIA's conclusion that petitioners failed to establish a material change in conditions in Ecuador. Petitioners claimed that there had been an "increase in violence against indigenous Ecuadorians" with "at least one indigenous leader directly [] killed by government security forces in 2019." Petitioner's Br. at 4–5. But their country conditions evidence did not reflect a change. They submitted two pieces of evidence, a 2019 article reporting on protests by indigenous women and concluding that "[f]or the Amazonian women and many indigenous people in Ecuador, this month's protests only highlight what they call years of repression by the government," Certified Administrative Record ("CAR") at 148, and the 2014 State Department report on human rights in Ecuador, which provides that "[i]ndigenous groups continued

4

to challenge government decisions and laws" and "reported that government persecution continued against their members," and "[i]ndigenous persons continued to suffer discrimination at many levels of society." *Id.* at 186-87. On this record, the BIA did not err in concluding that petitioners failed to establish a change in the level of violence against indigenous women since 2014. *See In re S-Y-G-*, 24 I. & N. Dec. at 253.

Petitioners allege that the BIA did not fully analyze their claim of changed conditions. But they raised their changed conditions argument in a single paragraph in their motion to reopen and did not present country conditions evidence warranting further analysis. *See Wei Guang Wang*, 437 F.3d at 274-75 (concluding that BIA's one sentence analysis of changed conditions was not an abuse of discretion).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5